FILED: AUG 14, 2008
08 CV 4628
JUDGE HOLDERMAN
MAGISTRATE JUDGE SCHENKIER
RCC

Case 1:08-cv-04628    Document 1    Filed 08/14/2008    Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LASER & COSMETIC DERMATOLOGY, INC.)
    Plaintiff,                           )Civil Action:
    v.                                    )Judge:
SYNERON MEDICAL LTD.         )Magistrate Judge:
    Defendant.                        )

## COMPLAINT

DIVERSITY ACTION
BREACH OF CONTRACT, BREACH OF WARRANTY AND SPECIFIC PERFORMANCE

NATURE OF COMPLAINT

    This is a Diversity Action for Breach of Contract, Breach of Warranty and, Specific Performance.[1] Plaintiff and defendant are citizens of different states and the amount in dispute exceeds $75,000.00. Defendant is in violation of its warranty contract as to two medical machines (each valued at approximately $89,000.00) purchased by the plaintiff from the defendant and that the machines have a material defect. Defendant refuses to rectify the defect as required by its warranty.

JURISDICTION

    Jurisdiction of the United States District Court is had under 28 U.S.C. § 1331; as well as 28 U.S.C. § 1332 in which plaintiff's claim: (a) exceeds $75,000; (b) the individual parties are citizens of different States (Illinois and the country of Israel). Supplemental Jurisdiction is had through 28 U.S.C. § 1367 in that plaintiffs' related claims form part of the same case or controversy under Article III of Constitution.

PARTIES

(1) Plaintiff is a licensed medical office and an Illinois corporation with citizenship in the United States. Dr. Jawdat Abboud is the owner and founder of Laser & Cosmetic Dermatology.

---

[1] Theory of Law as if Complaint represents Products Liability: [is] Breach of Warranty

(2)  Defendant Syneron manufactures medical equipment and is a citizen of the country of Israel. Its principal place of business is "Industrial Zone, Tavor Building, P.O.B. 550 Yokneam Illit, 20692 Israel.

## FACTS

(1)   Plaintiff did purchase two Vela-Shape Elos System machines (hereinafter referred to as "the equipment" or machine) from Syneron (notwithstanding the plaintiff's other purchases from Syneron).

(2)   Plaintiff having paid approximately $89,900.00 USD for each piece of equipment and that said equipment has presented defects for which warranty coverage is available pursuant to the mutual covenant, contract, and warranty between plaintiff and defendant Syneron.

(3)   Plaintiff has made repeated telephone calls (12 in number) to Syneron to report that the equipment is functioning with defect.

(4)   Plaintiff must make multiple changes of "heads" on the equipment in a single session (e.g., approximately thirty minutes or more).

(5)   Representations by Defendant Syneron include that the functionality of the equipment does not necessitate numerous head changes in a single session.

(6)   Frequent head changes increase treatment times; embarrass the physician; increase costs of operation of plaintiff's medical practice; and frustrate patients.

(7)   Syneron has sent replacement heads and examined the equipment. These attempted remedies have proved unsuccessful.

(8)   Plaintiff has respectfully asked Syneron to fix or replace the equipment and alternatively to compensate plaintiff for the equipment.

## COUNT I: BREACH OF CONTRACT BY WAY OF BREACH OF WARRANTY

(1)   Plaintiff repeats, re-alleges and incorporates by reference, the allegations in the FACTS section of this Complaint with the same force and effect as if herein set forth.

(2)  Plaintiff and Defendant entered into a contract based on Consideration and that such contract included that plaintiff agreed to pay defendant/seller approximately $180,00.00 USD for two Vela-Shape machines and that defendant represented that the machines could be operated without multiple head changes in a single session.

(3)  The machines cannot be operated without multiple head changes in a single session.

(4)  Plaintiff rightly contends that necessity of multiple head changes represents either a "Design Defect" or a "Manufacturing Defect."

(5)  Defendant/Seller has failed to uphold its claims and promises as to its Vela-Shape equipment.  Pursuant to the warranty, defendant has not fulfilled its obligations to plaintiff Laser and Cosmetic Dermatology, Inc.

(6)  As a result, plaintiff has suffered damages, which include monetary losses to his business and customer good will.

WHEREFORE, Plaintiff seeks specific performance in that defendant fulfill its contractual obligations to include removing the defect(s) or that it compensate plaintiff for the value of the equipment; and that there is judgment against defendant in its individual and official capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of $240,000, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $20,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT II: MISREPRESENTATION

(7)  Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(8)  Defendant Syneron's advertising claims lead plaintiff to believe that the product could perform functions that in reality the Vela-Shape machine

cannot. Plaintiff contends that necessity of multiple head changes represents either a "Design Defect" or a "Manufacturing Defect."

(9)   Defendant/Seller has failed to uphold its claims and promises as to the Vela-Shape equipment. Pursuant to the warranty, defendant has not fulfilled its obligations to Plaintiff Laser and Cosmetic Dermatology, Inc.

(10)   As a result, Plaintiff has suffered damages, which include monetary losses to his business and customer good will.

WHEREFORE, Plaintiff seeks specific performance in that defendant fulfill its contractual obligations to include removing the defect(s) or that it compensate plaintiff for the value of the equipment; and that there is judgment against defendant in its individual and official capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of $240,000, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $20,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Plaintiff corporation, through its owner Dr. Abboud swears that he has read the foregoing Complaint; has understood it to the best of his ability and that the contents are truthful, accurate and based on his best recollection of the events described.

Plaintiffs' Signature: s\*Jawat Abboud,* d/b/a as Laser & Cosmetic

   Dermatology _____.

RESPECTFULLY SUBMITTED, 12 July 2008
s\Christopher Cooper, ESQ., PHD.  12 August 2008
Counsel for Plaintiff
US District for Northern Illinois Bar Number: 2123245
3700 W. 103rd Street, Chicago, IL 60655 or
PO Box 1225, Hammond, IN 46325
Tel: 312 371 6752 or 219 228 4396
FAX: 866 334 7458;  E-Mail: cooperlaw3234@gmail.com